## MORRIS v. CAST & SKINNER.

*Negotiable instruments — Defenses — Failure of consideration — Services of broker in securing purchaser — Real estate contract executed, but sale not consummated.*

In an action on a promissory note, a defense of lack of consideration in that the note was given for services to be performed in the future, and that plaintiff failed to perform, will not defeat recovery, where the evidence shows that the note was given to the plaintiff, a real estate broker, as compensation for services in securing a purchaser for defendant's property; that the broker secured a purchaser, who, with defendant, the maker of the note, signed a valid contract for the sale of the property, containing terms of sale satisfactory to defendant; and that the prospective purchaser was able to comply with the contract or answer in damages.

(Decided June 22, 1921.)

ERROR: Court of Appeals for Clinton county.

*Messrs. Smith, Rogers & Smith,* for plaintiff in error.

*Mr. E. J. West,* for defendants in error.

BUCHWALTER, J. The plaintiff in error was defendant in the court below. U. S. Cast and J. B. Skinner, now defendants in error, who were partners doing business as real estate brokers, brought an action on a promissory note which had been executed to their order by Jonathan Morris. Defendant answered claiming a lack of consideration, in that the note was given for services to be performed in the future and that plaintiffs failed to perform. Plaintiffs by way of reply denied that they failed in performance, and averred that the

note was given for services fully performed by them in obtaining a valid contract for the sale of certain lands. The plaintiffs secured judgment, and to reverse that judgment error is prosecuted here.

The contract between the parties was verbal. It appears that Morris owned a farm of 108 acres, more or less, and listed it for sale with the plaintiffs. Plaintiffs secured J. B. Skinner, who, with Morris, signed the contract for the sale and purchase of the land. This contract provided for the sale of the land at a stipulated price, designating how payment should be made, and at what time, and also contained the following:

"Should either party to this contract fail to carry out the provision of this contract, he is to forfeit to the other party the sum of $1000 as liquidated damages."

It was a valid contract, with a stipulation as to the amount of damage payable in the event of a breach by either party.

Plaintiffs claimed that at the time the written contract was entered into between Morris and Skinner a note was given by Morris to the plaintiffs in the sum of $240.80, made payable at the same time as the payment provided for in the contract of sale.

The plaintiffs further contend that a check for $40 was given them at this time; that said check and note together made up the amount of commission agreed upon. When the time for performance arrived, Skinner refused to take the real estate. Morris accepted the $1000 stipulated in the contract as liquidated damages, kept $500 which had

originally been paid at the time of the signing of the contract, and the contract between these parties was then cancelled.

It is contended that the verdict is against the weight of the evidence; that certain evidence was improperly admitted by the court and certain evidence was improperly rejected, prejudicial to the plaintiff in error; that the court erred in overruling plaintiff in error's motion to strike from the reply, and that the court erred in the general charge.

Plaintiffs contended that the verbal agreement with Morris was to the effect that they should procure a party who would enter into a contract to buy the land; and when this was done the note and check were given in payment of their commission and were for a valid consideration. At page 27 of the record, Mr. Morris was asked:

"Q. And when I got the contract complete, it was perfectly satisfactory to you and to Mr. Skinner?

"A. Yes, sir."

It appears that Morris not only acquiesced in the terms, but, as stated by him, the contract was "perfectly satisfactory," and he voluntarily signed the agreement, in which it was provided that either party might default on payment of an amount apparently considered fair by both. When this was done he manifested his satisfaction with the broker's performance.

Here was a valid written contract, containing the terms of sale agreed upon, signed by a party able to comply therewith or to answer in damages if he should fail to perform.

We are satisfied from the evidence as presented in the record that upon the signing of this contract by J. B. Skinner and the defendant, plaintiffs were entitled to their commission; that Mr. Morris recognizing this made settlement by the giving of a check and note; and that therefore the finding of the jury was correct.

Evidence was admitted, over objection of counsel for defendant, as to the financial responsibility of Skinner, and on cross-examination the court sustained an objection to the question as to the efforts made by plaintiffs after the contract of sale was cancelled to procure another purchaser. This it is claimed was error. As to the second point, we believe the objection was properly sustained, as what was done by the brokers after the cancellation of the contract is of no importance. The financial responsibility of Skinner and his payment of the amount agreed upon as liquidated damages merely went to show that he had carried out the contract as agreed upon, and does not appear to be prejudicial to the plaintiff in error. Nor do we think that the overruling of the motion to strike from the reply was prejudicial.

It is urged that the court in the charge to the jury improperly used the word "enforcible" in describing this contract, but the court in the charge informed the jury just what he meant by the use of the term "enforcible," and, hence, the jury were not misled. The charge fully covered the subject and was a correct statement of the law as applied to the facts in the present case.

We find no errors prejudicial to the plaintiff in error.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.